JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
          E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
          E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
          E-mail: mchaney@johnsonpham.com
Jason R. Vener, SBN: 267941
          E-mail:jvener@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:     (818) 888-7540
Facsimile:     (818) 888-7544

Attorneys for Plaintiff
ONE PASS, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| ONE PASS, LLC, a California Limited Liability Company, | Case No.: 4:17-cv-05798-YGR |
| Plaintiff, | **STIPULATION FOR ENTRY OF PERMANENT INJUNCTION AGAINST DEFENDANT WEISSER DISTRIBUTING, INC.** |
| v. | |
| WEISSER DISTRIBUTING, INC., a South Dakota Corporation, doing business as TOOL DEALS, AUTOBODYNOW and ABN; and DOES 1-10, inclusive, | **Hon. District Judge Yvonne Gonzalez Rogers** |
| Defendants. | |

        Plaintiff ONE PASS, LLC ("Plaintiff"), and Defendant WEISSER DISTRIBUTING,

INC. ("Defendant"), hereby and/or through their respective counsel of record, stipulate to entry

of a Permanent Injunction against Defendant in the form and content found within the

[Proposed] Permanent Injunction and Dismissal of Entire Action filed concurrently herewith.

The parties hereto stipulate and agree as follows:

        1.      This case involves Plaintiff's claims of Trademark Infringement arising under 15

United States Code ("U.S.C.") §1114, False Designation of Origin under 15 U.S.C. §1125(a),

Unfair Business Practices pursuant to California Business & Professions Code §17200, and Patent Infringement arising under 35 U.S.C. §271.

2.     The Court has supplemental jurisdiction over Plaintiff's claims arising under California statutory and common law pursuant to 28 U.S.C. §1367 because they are so related to the federal claims as to form part of the same case or controversy.

3.     Plaintiff is the manufacturer and source of devices for cleaning automobiles, devices for removing liquids and/or debris from automobiles, and cleaning, polishing, scouring, and abrasive preparations for automobiles, boats, recreational vehicles, trailers, motorcycles, trucks and aircrafts, and uses and own various trademarks, patents, and other intellectual properties on and in connection with such products and services, including, among others, its T-BAR® word and design marks ("One Pass' Trademarks") numbered 2,943,348, and patents numbered 5,920,947, 7,627,924, 7,861,362, 7,757,336, 7,134,163, 7,363,678, 6,126,756, 6,796,000, and 6,243,911 ("One Pass Patents"), along with various other trademark and patent applications and registrations therefore in the United States (collectively hereinafter referred to as "One Pass' Intellectual Properties").

4.     Consumers and/or purchasers in the United States have come to recognize One Pass' Intellectual Properties, including but not limited to the One Pass' Trademarks, and Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such association.

5.     Defendant acknowledges and does not contest that it purchased and acquired products which infringe upon One Pass' Patents, and which were sold in conjunction with the violation of Plaintiff's rights in One Pass' Trademarks.

6.     Defendant acknowledges and does not contest that it offered for sale, sold, and distributed infringing water blades using One Pass' Trademarks, and embodying and comprised of One Pass' Patents, to consumers, without Plaintiff's authorization.

7.     Defendant acknowledges and does not contest Plaintiff's exclusive rights in and to One Pass' Intellectual Properties, including the One Pass' Trademarks and One Pass' Patents,

1 and Defendant acknowledges and does not contest Plaintiff's exclusive right to distribute

2 products embodying, comprised of, utilizing, and/or bearing One Pass' Intellectual Properties.

3      8.      Plaintiff has no adequate remedy at law for the alleged acts of Defendant

4 complained of herein, or for the alleged acts of any third parties who have allegedly acted in

5 concert with and at the direction of Defendant, as injury to Plaintiff's reputation, goodwill and

6 One Pass' Intellectual Properties cannot be quantified and such injury cannot be compensated

7 by monetary amounts.

8      9.      Plaintiff and Defendant hereby acknowledge and agree to the terms of the

9 [Proposed] Permanent Injunction and Dismissal of Entire Action against Defendant filed

10 concurrently herewith.

11      10.      In Settlement of this matter, Defendant will be making an agreed-upon payment

12 to Plaintiff, as more particularly described in a separate Confidential Settlement Agreement.

13      11.      Upon entry by the Court of the [Proposed] Permanent Injunction against

14 Defendant filed concurrently herewith, the case shall be dismissed in its entirety.

15      IT IS SO STIPULATED by the parties hereto.

16

17 DATED: January 26, 2018          JOHNSON & PHAM, LLP

18

19                                  By: _____
                                    Jason R. Vener, Esq.
20                                  Attorneys for Plaintiff
                                    ONE PASS, LLC
21

22 DATED: January 15, 2018          WIESSER DISTRIBUTING, INC.

23                                  _____

24                                  By: Eric Weisser
                                    Its: VP
25

26

27

28